## DAVIS v. COMBINATION AWNING & SHUTTER CO., et al.

Circuit Court, Dade County, Civil Appeal.

June 27, 1952.

Lucille Snowden, Miami, for appellant.

Rodney Durrance, Tallahassee, and Lawrence G. Lally, Miami, for appellees.

MARSHALL C. WISEHEART, Circuit Judge.

On February 28, 1951 the appellant applied to the industrial commission for an order modifying its order dismissing his claim dated September 27, 1948. On November 30, 1951 the commission entered an order refusing the application for modification, and this is an appeal from that order.

This is the third appearance of the case before this court. On April 22, 1949 the court affirmed the commission order dismissing appellant's claim. On appeal to the Supreme Court that affirmance was at first reversed, but on rehearing the appeal was dismissed.

At that point this court's order of April 22, 1949 became final. Thereafter on January 5, 1951, appellant moved the court to vacate its order of April 22, 1949, but the motion was denied on February 5, 1951.

The commission's order of November 30, 1951 is affirmed. Section 440.28, Florida Statutes 1951, provides that on application the commission may review a compensation case "on the ground of a change in condition or because of a mistake in a determination of fact . . . . at any time prior to one year after the rejection of a claim." The commission originally rejected

the claim on September 27, 1948 and the court affirmed the commission's order on April 22, 1949. As more than one year had elapsed prior to the filing of appellant's application for modification, the commission did not have jurisdiction to review the case.

Appellant raises the point that a witness (not a party to the case) who testified against him at the original hearing allegedly committed perjury when testifying, and he urges such alleged perjury as a ground to reopen the case. I have reviewed the record and I am of the opinion that it cannot be said as a matter of law that a hearing, or new trial, should be granted when a witness against a losing party shall make an affidavit or give evidence under oath that he committed perjury in his testimony. If that were so, justice would be defeated in many cases, because recanting testimony is to be regarded as very unreliable. The case of Vining v. American Bakeries Co. (Fla.), 160 So. 396 and 519, is determinative of this point.